UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>URIEL URIAS-GOMEZ,<br><br>Defendant. | NO. CR19-0099JLR<br><br>PROTECTIVE ORDER |

Upon the unopposed motion of the United States, and the Court being advised as to the nature of this case, hereby finds,

FOR THE REASONS stated in the United States' motion, there is a basis to support the United States' concerns, and there is good cause for the requested Discovery Protective Order in order to advance the goals of protecting a confidential source and undercover officers from disclosure of personal information, protecting ongoing investigations, and avoiding the potential for harassment, tampering, or retaliation.

The Court therefore grants the motion and enters the following Protective Order, pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure:

1. <u>Protected Material</u>

The United States will make available copies of Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the defense attorneys of record,

*United States v. Urias-Gomez*, CR19-99 JLR
Protective Order - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and investigators, paralegals, law clerks, experts and assistants for the defense attorneys of record (hereinafter collectively referred to as members of the defense team). Protected Materials will be marked and labeled as "Protected Material," including:

    a. Audio, video, photographic, and written recordings of the confidential source ("CS") and undercover officers ("UCs") used by law enforcement in investigating this case;

    b. Personal information related to the CS and UCs, including any documents provided by the government containing personal information about or related to the CS or UCs.

As used in this Order, the term "personal information" includes a person's full name, picture or likeness, voice recording, date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information.

2. <u>Scope of Review of Protected Material</u>

The attorneys of record and members of the defense team may display and review the Protected Material with Defendant. The attorneys of record and members of the defense team agree that providing copies of the Protected Material to Defendant and other persons is prohibited and they will not duplicate or provide copies of Protected Material to Defendant and other persons, absent the government's express written permission.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material with lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e. non-law enforcement witnesses.

3. <u>Consent to Terms of Protective Order</u>

Members of the defense team shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by

*United States v. Urias-Gomez*, CR19-99 JLR
Protective Order - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Assistant United States Attorney and ordered by the Court.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or Defendant that are different from those imposed by statute, case law, the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. <u>Disputes Over Scope of Protective Order</u>

If any party believes that material has been improperly designated as Protected, that party may seek a further order of this Court; provided, however, that the party shall not disseminate the disputed Protected Material until the Court has ruled.

6. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 20th day of June, 2019.

_____
The Honorable James L. Robart
U.S District Court Judge

Presented by:

*/s/ Lyndsie R. Schmalz*
LYNDSIE R. SCHMALZ
Assistant United States Attorney

*United States v. Urias-Gomez*, CR19-99 JLR
Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970